**LEWIS BRISBOIS BISGAARD & SMITH LLP**
Bruce L. Shaffer, SBN 062730
    E-mail: shaffer@lbbslaw.com
Sean D. Richmond, SBN 210138
    E-mail: richmond@lbbslaw.com
2850 Gateway Oaks Drive, Suite 450
Sacramento, California 95833
Telephone: (916) 564-5400
Facsimile: (916) 564-5444

Attorneys for Defendants and Third Party Plaintiffs
AQUA LEISURE INDUSTRIES, INC. and
WAL-MART STORES, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRETCHEN STITES-CUNNINGHAM, Individually and as Guardian ad Litem for ASHLEY STITES, a Minor,<br><br>Plaintiff(s),<br><br>vs.<br><br>AQUA LEISURE INDUSTRIES, INC., WAL-MART STORES, INC. and DOES 1-50,<br><br>Defendant(s).<br><br>AND RELATED CROSS ACTION. | Case No.: 2:09-CV-00590-LLK-CMK<br><br>**STIPULATION AND ORDER RE: CONFIDENTIAL INFORMATION**<br><br>Action Filed: July 17, 2007 |

THE PARTIES HERETO, BY AND THROUGH THEIR ATTORNEYS, HEREBY STIPULATE AND AGREE AS FOLLOWS:

**STIPULATION RE: CONFIDENTIAL INFORMATION**

1. For the purposes of this Stipulation, "document" shall mean any recorded materials of any kind or character, including, without limitation: e-mails, any electronic communication, all notes and memoranda, correspondence, faxes, notices, calendars (excluding non-responsive information), computerized records. computerized files (by way of disks, flash drives, print-outs), any writings, drawings, graphs, charts, photographs, audio and video records, microfilm, letters, correspondence, telegrams, memoranda, case photocopies, records, minutes, agreements, records

or notations of telephone or personal conversations or conferences, interoffice communications, microfilm, computerized records, data compilations, databases, bulletins, summaries, reports, books, tape recordings, worksheets, working papers, drafts, contracts, agreements, ledgers, books of account, vouchers, bank checks, invoices, receipts, cost sheets, appointment books (excluding non-responsive information), diaries (excluding non-responsive information), time sheets, time cards, bills (excluding non-responsive information), logs, specifications formulas, all systems of noting meetings, gatherings, non-privileged decisions, time, job or transaction files, sales and purchase records, lists and papers and things similar to any of the foregoing, however denominated by any party.

2. Certain of Aqua Leisure's and/or Wal Mart's documents that are or may be responsive to various discovery requests in this action, and that are relevant to the issues in this action, contain sensitive, confidential, private and/or proprietary information and/or information relating to third persons or entities not parties to this litigation, including but not limited to personal identification information of current and former employees of Aqua Leisure and/or Wal Mart.

3. Aqua Leisure and Wal Mart are obligated to protect confidential, private and/or proprietary information and protect the privacy rights of third persons or entities not parties to this litigation, and are also obligated to provide documents that relate to their contentions, claims and defenses in this action.

4. All parties acknowledge that certain of Aqua Leisure's and Wal Mart's documents contain sensitive, confidential, and/or proprietary private information or such information relating to third persons or entities not parties to this litigation and have agreed to maintain the confidentiality of that information.

5. The parties therefore agree as follows in connection with the discovery proceedings in this action, and in particular the production of documents containing sensitive, confidential and/or proprietary private information:

    a. Any and all documents that contain sensitive, confidential private and/or proprietary information or such information relating to third persons or entities not a



1         party should be designated by stamp or label as "confidential" when produced by

2         Aqua Leisure and/or Wal Mart.

3     6.    The documents and/or information subject to this Stipulation, and information

4 derived therefrom, shall not be used by any party, expert, deponent or other person or entity to

5 whom such documents or materials are disclosed, for any purpose other than preparation for trial

6 and trial of this action, or for settlement thereof, and only in the manner prescribed herein.

7     7.    If documents and/or information deemed confidential are filed with the court for

8 purposes of law and motion, they shall either be (1) redacted to omit the sensitive, confidential,

9 private and/or proprietary information if that information is not relevant to the purposes for which

10 the document is being filed, or (2) filed under seal and marked "CONFIDENTIAL." Such

11 documents or testimony filed under seal shall only be opened by the court or by personnel

12 authorized to do so by the court.

13     8.    Any pleading, motions, briefs, memorandum or other filing with the court that

14 includes any discussion or analysis of, quotation from, or substantive reference to any documents

15 and/or information deemed confidential shall either be (1) redacted to omit identifying

16 information, or (2) filed under seal and marked with the language specified in paragraph 7 above.

17     9.    Disclosure of documents and/or information deemed confidential, including all

18 information derived therefrom, shall be restricted solely to the following persons, who are bound

19 by the terms of this Stipulation, unless additional persons are agreed upon and stipulated to in

20 writing by counsel or authorized by the Court:

21        a.    Counsel for any party to the above-captioned litigation, including all employees

22           of counsel's law firms or offices, such as (without limitation) attorneys, paralegals,

23           secretaries, assistants, stenographical and clerical employees;

24        b.    Those persons retained by any party herein for the purposes of furnishing

25           consulting expert services or for giving expert testimony in this matter. Any such

26           expert or consultant shall be shown a copy of this Stipulation and affirmatively agree

27           to be bound by its terms before receiving documents and/or information deemed

28           confidential.



4814-7756-2627.1       -3-

STIPULATION AND ORDER RE: CONFIDENTIAL INFORMATION



  c. Employees or officers of the parties whose job responsibilities relate to the matters at issue in this action and whose review of the documents and/or testimony is necessary and proper to assist the party in preparation for trial and trail of this action, or for settlement thereof;

  d. The court and its personnel, including but not limited to, stenographic reporters employed by the court or engaged at a party's request during this litigation.

  e. A witness during the course of his or her deposition if the attorney disclosing the document and/or information first has shown the deponent a copy of this stipulation and the deponent has been requested to affirmatively agree on the deposition record to be bound by its terms, and if the deponent would have seen the document and/or information in the ordinary course of his or her business. A witness' refusal to be bound by the stipulation shall not thwart the deposition and the deposition will continue regardless leaving it up to any counsel to seek a protective order as to that witness. Under no circumstances shall the witness be entitled to a copy of any documents deemed confidential.

 10. Each party shall take reasonable steps in storing documents and/or information deemed confidential to limit access to those persons who are authorized under the terms of this stipulation to inspect, review, or receive such documents and/or information.

 11. Whenever documents and/or information deemed confidential are to be disclosed in a deposition or other hearing or proceeding, any party may exclude from the room any person, other than the persons designated as authorized pursuant to the terms of this stipulation, for that portion of said deposition, hearing or proceeding. Nothing in this stipulation shall limit any party from introducing documents and/or information deemed confidential into evidence at trial, subject to the introducing party giving prior notice of its intent to do so, and subject to any party's right to seek further protection from the court.

 12. Upon final determination of this action, including all appeals therefrom, copies of all documents and/or information produced by either Aqua Leisure or Wal-Mart and deemed confidential shall be returned to counsel for Aqua Leisure and Wal-Mart. In order to comply with

1 this provision it will be necessary for the attorneys for parties receiving confidential information to
2 retrieve all copies of confidential documents from their cleints, experts, consultants and/or anyone
3 else authorized to receive copies of such confidential information.  Notwithstanding the foregoing,
4 the parties may retain all pleadings, briefs, memoranda, and other documents containing their own
5 work product, which refer to or incorporate confidential information and will continue to be bound
6 by the terms of this stipulation with respect all such retained information.

    This stipulation shall govern the production and disclosure of all documents and/or information produced or disclosed in this case, both before and after entry of this stipulation.

Dated:   April 15, 2009              HALKIDES, MORGAN & KELLEY


                                     By:      /S/ G. Dennis Halkides
                                           G. Dennis Halkides
                                           Attorneys for GRETCHEN STITES-CUNNINGHAM,
                                           Individually and as Guardian ad Litem for ASHLEY
                                           STITES, a Minor


Dated:   April 15, 2009              LEWIS, BRISBOIS, BISGAARD & SMITH LLP


                                     By:      /S/ Bruce L. Shaffer
                                           Bruce L. Shaffer
                                           Sean D. Richmond
                                           Attorneys for Defendants / Cross-Complainants
                                           AQUA LEISURE INDUSTRIES, INC. and
                                           WAL-MART STORES, INC.

Dated:   April 15, 2009              LAWRENCE G. BROWN
                                     Acting United States Attorney


                                     By:     /S/ Kelli L. Taylor
                                           Kelli L. Taylor
                                           Assistant U. S. Attorney
                                           Attorneys for UNITED STATES DEPARTMENT
                                           OF THE INTERIOR; UNITED STATES
                                           DEPARTMENT OF AGRICULTURE



4814-7756-2627.1                         -5-
STIPULATION AND ORDER RE: CONFIDENTIAL INFORMATION

IT IS SO ORDERED.

DATED: April 23, 2009

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE